# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Shawn Michael Smith,

    Petitioner,

v.

Warden, Noble Correctional Institution,

    Respondent.

Case No.: 2:17-cv-735

Judge Michael H. Watson

Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

On August 27, 2018, the Magistrate Judge issued a Report and Recommendation (R&R) recommending that the Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. ECF No. 15. Petitioner has filed an Objection to the R&R. ECF No. 18. Pursuant to 28 U.S.C. § 636(b), this Court has conducted a de novo review. For the following reasons, Petitioner's Objection, ECF No. 18, is **OVERRULED**. The R&R, ECF No. 15, is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

The Court **DECLINES** to issue a certificate of appealability.

Petitioner challenges his July 2015 conviction pursuant to his guilty plea in the Guernsey County Court of Common Pleas on illegal manufacture of drugs, illegal assembly or possession of chemicals for the manufacture of drugs, and aggravated possession of drugs. He asserts that he was denied the effective assistance of trial counsel because his attorney failed to raise an argument

regarding the improper inclusion of toxins as a basis for the weight of the methamphetamine, and that his attorney failed to argue that his convictions on counts one and three should have been merged and permitted him to plead guilty to allied offenses of similar import (claim one); that the trial court unconstitutionally imposed sentence on 191.13 grams of methamphetamine found in liquid form (claim two); and that his convictions violate the Double Jeopardy Clause and he was sentenced on allied offenses of similar import (claim three). The Magistrate Judge recommended dismissal of these claims as procedurally defaulted, without merit, or waived by entry of Petitioner's guilty plea.

Petitioner objects to the Magistrate Judge's recommendation of dismissal of his claims as procedurally defaulted or waived by entry of his guilty plea. He argues at length that the state appellate court incorrectly determined that Ohio law supported his conviction on 191.13 grams of methamphetamine and complains that his attorney failed to conduct adequate investigation on the issue prior to entry of his guilty plea. As a result, Petitioner argues, his guilty plea was not knowing, intelligent, or voluntary. Petitioner also denies expressly agreeing to the merger of counts one and two or waiving his claim that his convictions violate the Double Jeopardy Clause.

However, the transcript of Petitioner's guilty plea hearing reflects that he understood that, pursuant to the terms of his negotiated Plea Agreement, counts one and two would merge for sentencing purposes, but count three would not,

and the State had agreed to concurrent terms of incarceration. Tr., ECF No. 7-3, PAGEID # 715-16. Petitioner thereby substantially reduced his potential prison exposure and waived his claim under the Double Jeopardy Clause. Moreover, the record does not support his claim that his guilty plea was not knowing, intelligent, or voluntary, or indicate that the prosecutor would have been unable to establish the charges against him. To the contrary, it reflects that his attorney had investigated and raised an issue regarding the weight of the drugs. The trial court advised Petitioner that it would rule against him, and the appellate court determined that the weighing of the drugs complied with Ohio law. This Court is bound by that determination. *See Bennett v. Warden, Lebanon Correctional Inst.*, 782 F. Supp. 2d 466, 478 (S.D. Ohio March 15, 2011) ("[T]he state courts are the final authority on state-law issues, the federal habeas court must defer to and is bound by the state court's rulings on such matters.") (citing *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("it is not the province of a federal habeas court to re-examine state-court determinations on state law questions")). Petitioner's claim of the denial of the effective assistance of counsel plainly lacks merit.

For the foregoing reasons and for the reasons detailed in the R&R, Petitioner's Objection, ECF No. 18, is **OVERRULED.** The R&R, ECF No. 15, is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED.**

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court now considers whether to issue a

certificate of appealability. See 28 U.S.C. § 2255(d). When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893, n. 4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Id.

This Court is not persuaded that reasonable jurists would debate this Court's dismissal of Petitioner's claim as waived. Therefore, the Court **DECLINES** to issue a certificate of appealability.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that the appeal would not be in good faith and that an application to proceed in forma pauperis on appeal should be **DENIED.**

The Clerk is **DIRECTED** to enter final **JUDGMENT**.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**